# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**LAURIE FRIAR**                                                                                    **PLAINTIFF**

**V.**                                          **NO. 3:20-cv-00404-ERE**

**COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION**                                          **DEFENDANT**

## ORDER

### I. Introduction:

On December 28, 2018, Laurie Friar filed a Title II application for disability and disability insurance benefits and a Title XVI application for supplemental security income benefits. (Tr. at 10). In both applications, she alleged disability beginning on May 30, 2018.[1] *Id*. An administrative law judge (ALJ) denied Ms. Friar's applications in a decision dated April 23, 2020. (Tr. at 22). The Appeals Council denied her request for review on November 6, 2020. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Friar has

---

[1] Previously, an administrative law judge reviewed an application for benefits filed by Ms. Friar on March 14, 2016 and determined, in a decision dated May 29, 2018, that she was not disabled. (Tr. at 65-66). The current application pertains to the time period of May 30, 2018 through April 23, 2020. (Tr. at 22).

1

requested judicial review. For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

## II. **The Commissioner's Decision:**

At step one of the required five-step analysis, the ALJ found that Ms. Friar, 42 years old at the time of the hearing, had not engaged in substantial gainful activity since May 30, 2018, the alleged onset date.[3] (Tr. at 13, 39). At step two, the ALJ determined that Ms. Friar has the following severe impairments: chronic obstructive pulmonary disease (COPD), diabetes mellitus, neuropathy, obesity, and bilateral carpal tunnel syndrome. (Tr. at 13).

After finding that Ms. Friar's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that she had the residual functional capacity (RFC) to perform work at the sedentary exertional level, with the qualifications that she can only occasionally finger or handle bilaterally, and she

---

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[3] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

should avoid concentrated exposure to respiratory irritants such as dust, fumes, or gases. (Tr. at 17).

The ALJ next found that Ms. Friar had no past relevant work. (Tr. at 21). At step five, the ALJ relied upon the testimony of a Vocational Expert (VE) to find that, considering Ms. Friar's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, such as call out operator and surveillance system monitor. (Tr. at 22). Therefore, the ALJ found that Ms. Friar was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> [O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's

3

decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

### B. Ms. Friar's Arguments on Appeal

Ms. Friar contends that the evidence supporting the ALJ's decision is less than substantial. She argues that the ALJ erred by failing to: (1) address a medical opinion that predated the relevant time period; and (2) fully incorporate Ms. Friar's limitations in the RFC. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

In January 2019, Ms. Friar had cubital tunnel release surgery on her left hand, which she said helped relieve her symptoms of pain. (Tr. at 42-49). She also reported that after surgery, she no longer had difficulty grasping her phone or a TV remote. (Tr. At 42-48). While a nerve conduction study showed mild carpal tunnel syndrome in both hands, Ms. Friar admitted that she had not had surgery on her right hand and that her treatment was conservative. (Tr. at 49, 396-397). She did not follow up for treatment of hand pain after February 2019. (Tr. at 20, 1252-1271, 1297-1305). The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

In addition, a failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). Ms. Friar suffered from COPD, but in spite of doctors' recommendations to quit smoking, she still smoked daily. (Tr. at 1294-1295). She also did not follow doctors' advice to exercise and lose weight, and she ate a high salt diet. (Tr. at 925-927, 1192-1196). Ms. Friar also failed to comply with directions to use her CPAP machine at night. (Tr. at 1294-1295). In addition, she did not use oxygen or an updraft machine to help with breathing and relied on medication to help clear up coughing and wheezing. (Tr. at 44-45, 925-926).

Ms. Friar did not use a glucometer to test her blood sugar levels, as suggested by her doctor. (Tr. at 1192-1196). Moreover, she said that treatment brought her blood sugar levels in line and controlled her blood pressure. (Tr. at 42, 787-789).

Ms. Friar complained of anxiety but acknowledged she did not take medication or attend counseling. (Tr. at 42-43).

Overall, the record does not depict a woman who cannot work.

Still, Ms. Friar argues that the ALJ erred by not mentioning the opinion of Amber Fore, an advanced practice registered nurse. Nurse Fore issued a medical source opinion on June 24, 2017, almost a year before the relevant time-period. (Tr. at 377-378). She opined that Ms. Friar could not perform sedentary work. *Id*. For several reasons, the ALJ's failure to discuss this opinion was appropriate.

First, Nurse Fore's opinion addressed the period from August 26, 2016 to June 24, 2017, well *before* the relevant time-period. *See Zeller v. Barnhart*, 384 F.3d 934, 936 (8th Cir. 2004) (an opinion that does not pertain to the claimant's condition during the relevant time-period does not bear much weight). Second, a different ALJ, in rejecting an earlier application for benefits, discussed the opinion, but discounted it as inconsistent with the medical record. (Tr. at 63-66). Indeed, Nurse Fore treated Ms. Friar conservatively. She recorded grossly normal clinical examinations. And she also urged Ms. Friar to lead a healthier lifestyle and exercise. The prior ALJ's

6

decision to discount much of Nurse Fore's opinion, while not an issue before this Court, made sense.

When there are multiple disability applications, the most probative evidence is that which relates to the period covered by each application. *Cline v. Colvin*, No. 3:13-cv-00015-JTR n.13, 2014 U.S. Dist. LEXIS 190212 (E.D. Ark. Jan 2, 2014). Some claimants file multiple applications, spanning years, or decades in some cases. It would be cumbersome and superfluous for each ALJ to recite all of the medical evidence, even those from the remote past, in each subsequent opinion. *See Wilson v. Saul*, No. 4:18-cv-00757-JM/BD, 2019 U.S. Dist. LEXIS 206129 (E.D. Ark. Nov. 7, 2019) (medical opinion properly discounted because it predated the relevant time-period). The ALJ did not err by failing to discuss Nurse Fore's opinion.

Ms. Friar also asserts that the RFC did not fully incorporate her limitations. A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

In this case, clinical examinations were grossly normal. When Ms. Friar complied with recommended treatment, she responded well. She could do daily activities like cleaning, cooking, driving, and grocery shopping.[4] No doctor placed any functional restrictions on Ms. Friar. She also had gaps in treatment for her conditions. The ALJ's RFC determination was sufficiently supported by the medical evidence and the record as a whole. See *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (an ALJ's RFC determination must be supported "by some medical evidence" but the ALJ "is not limited to considering medical evidence exclusively.").

## IV. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ did not err by failing to discuss Nurse Fore's opinion. And the RFC fully incorporated Ms. Friar's limitations. The finding that Ms. Friar was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 15th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).